## Andrew F. Greaser v. The Chicago R. I. and P. Ry. Co.

1. VERDICTS—*When the Court Will Direct.*—When the action of a person injured in a railroad accident has been so reckless and done with such absolute disregard for his own safety that he can not in any event recover, and there is no evidence in the case upon which the jury could, in the eye of the law, reasonably find in his favor, and any such verdict must be set aside, the court may properly direct the jury to return a verdict for the defendant.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Rock Island County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

J. T. KENWORTHY and S. R. KENWORTHY, attorneys for plaintiff in error.

JACKSON & HURST and W. T. RANKIN, attorneys for defendant in error; ROBERT MATHER, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The declaration in this case charges that plaintiff in error, while in the employment of defendant in error and in the exercise of due care for his own safety as a switchman, on June 11, 1897, at Victor, Iowa, received serious injuries in attempting to board a freight car in motion; that he was in the line of his duty and that the injury was occasioned by the failure of defendant in error to put handhold or grab-irons on the end and sides of the car in question. There was a plea of general issue and on the first trial a verdict in favor of plaintiff for $5,000. A motion for a new trial having been filed, the court set aside the verdict, and upon the second trial, after all the evidence was in on both sides, the defendant entered a motion requesting the court to direct the jury to find a verdict in its favor. This motion was sustained and the jury so directed. There was a verdict and judgment for defendant, to reverse which this writ of error is prosecuted.

The principal error assigned is the action of the court in directing the verdict of the jury. It is insisted by plaintiff in error that the question involved was one of fact, and that ther· was sufficient evidence tending to sustain the declaration to warrant the court in submitting the case to the jury. The freight train which included the car in question arrived at Victor about 3:30 A. M. on the day in question, and was there side-tracked to let a passenger train pass. The side track known as the passing track being too short to accommodate all of the freight train, the engine and one car were detached from it and placed upon another track. After the passenger train had gone by, plaintiff in error opened the switch and signaled the engineer of the freight train to back up. As the engine and one car attached thereto approached him, plaintiff in error, who was standing on the track in front of the approaching car, jumped upon the brake beam hanging under the car, and at the same time

threw up both hands, grabbing with one at the end and the other at the side of the car for the hand-holds or grab-irons. He failed to grasp anything, however, and fell between the rails, receiving the injury complained of.

At the time of the accident it was dark and there was no witness to it but plaintiff in error himself. In his testimony he said there were no grab-irons on the side or end of the car, and " I not being able to grasp anything, I fell down between the tracks. The cause of my fall was my not grasping anything." On cross-examination he said, " When I jumped up I put my foot on the brake beam. My lantern was on my arm; I did not look to see if there was any grab-irons. I could not look and grab. The lantern did not throw the light up, it threw the light down. It was lighted. I could not raise my lantern and make the grab at the same time. I grabbed with both arms. I made the grab without looking to see if there was any grab-irons." He knew nothing of the car when he tried to board it and has never seen it since. His statement that there were no grab-irons was simply an inference drawn from the fact that he failed to catch any when he reached out his hands for them. Three witnesses, however, who examined the car shortly afterward, swore that it was equipped with hand-holds at the end and a ladder with iron rungs on the side. The examination by these witnesses was made specially for the purpose of determining whether the car was so equipped. Even if it be admitted that under such a condition of the evidence there was sufficient question as to the existence of the hand-holds or grab-irons to warrant the submission of the question to a jury, yet when all the evidence is considered, we are of opinion that the action of the plaintiff in error at the time of the accident was so reckless and taken with such absolute disregard for his own safety that he could not in any event recover in this suit. There was no evidence in this case upon which the jury could, in the eye of the law, reasonably have found in favor of plaintiff in error, and should they have returned such a verdict it must have been set aside. Such being the case the court

properly directed the jury to find the issues against the plaintiff in error. Frazer v. Howe, 106 Ill. 563; Cowley v. C. & A. R. R. Co., 87 Ill. App. 123; Offut v. World's Columbian Exposition, 175 Ill. 472.

The fourth and fifth counts of the declaration charge a violation of the act of Congress of March 2, 1893, entitled, "An act to promote the safety of employes and travelers upon railroads, by compelling common carriers engaged in interstate commerce to equip their cars with automatic couplers and continuous brakes, and their locomotives with driving wheel brakes and for other purposes." Section 4 of that act provides that "from and after the first day of July 1895, until otherwise ordered by the interstate commerce commission, it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab-irons or hand-holds in the ends and sides of each car, for greater security to men in coupling and uncoupling cars." That question, however, is eliminated from this case, as there was no evidence that the car in question was engaged in interstate commerce.

For the reasons above stated the judgment of the court below is affirmed.